UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE D. SUSANA, *et al.*,<br><br>                    Plaintiffs,<br><br>        -against-<br><br>IMMIGRATION & CUSTOMS<br>ENFORCEMENT ("ICE"), *et al.*,<br><br>                    Defendants. | 21-CV-8892 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jose D. Susana, who is currently detained in the Caroline Detention Facility (CDF) in Bowling Green, Virginia, brings this *pro se* action on his own behalf; on behalf of M.A.G.A. (Make Africa Great Again), an unincorporated association; and as "next friend" to more than 50 other individuals who either are or were detained in the CDF. For the following reasons, this action is transferred to the United States District Court for the Eastern District of Virginia.

## BACKGROUND

The complaint in this action is labeled, "Torture Victim Protection Act Class Action Lawsuit." (ECF 2, at 1.) Plaintiff Susana, who is currently detained in the CDF in Bowling Green Virginia, and who is the Vice Chairman of the "M.A.G.A. (Make Africa Great Again) Human Rights Angels International Registry," an "unincorporated ecclesiastical association," brings this action as "Priest" and "Next Friend" to the other individual Plaintiffs. (*Id.*) The complaint lists as Plaintiffs another 53 individuals, whom it describes as "a class of refugees[] as defined by the United Nations High Commission for Refugees ('UNHCR')."[1] (*Id.* at 2.)

---

[1] The complaint lists the following individual names: Kwayee M. Tarty, Pharoah Momolu V.S. Sirleaf, Theophilus Tari Agedah, Paul White, Randolph Ratcliffe Richards, Adhnanu Fahed

The complaint alleges that Susana has "jailhouse lawyer, as well as, next friend standing" to bring claims on behalf of the other Plaintiffs. (*Id.* at 4.) Susana seeks to "assert the rights of the below mentioned refugees who for valid reasons cannot assert the same due to their incompetence." (*Id.* at 4.) He requests "sub-class certification" and asks the Court "for the appointment of class counsel to institute this action on behalf of these incompetent Plaintiffs." (*Id.*) The Court has learned from the United States Department of Justice's Executive Office for Immigration Review's (EOIR) phone hotline that Susana has ongoing immigration proceedings in Caroline County, Virginia. The complaint does not include addresses or any other identifying information for other 53 individual Plaintiffs. Susana and the other individual Plaintiffs "digitally signed" the complaint by typing their names in the signature block. (*See id.* at 22.)

Named as Defendants in the caption of the complaint are: Immigration & Customs Enforcement (ICE), "Seven Unknown DOE Agents of DHS/CDF/Oasis/Global Tel Link et al.," and "United States ex rel. (Sued individually & officially)." (*Id.* at 1.) The body of the complaint lists the following parties as Defendants: "ICE/United States ex rel."; CDF Superintendent Perry; Chaplain Shoars; Heath Simon (HQ Rio Chief); P. Morin (SDDO); Michael Coles (DO); J. Collins (DO); Oasis, which the complaint describes as a "commissary vendor"; Global Tel Link, another "commissary vendor"; Ronnie Sidney, a mental health specialist with ICE Health

---

Miri, Thomas Nganga, Mikhail Shapovalov, Yerrisson Antonio Rodriguez, Elmer Ottonid Tenas Silva, Luis Espinoza, Quacy Thorne, Paul Reyes, Jaime Daniel Navarro Cerritos, Jose O. Membreno, Rickardo Jose Guido, David Noe Alvarado, Ferardo Molina, Carlos Armando Gomez, Jimmy Nathaniel Sandoval, Santos Portillo, Henry Giovanni, Alex Carmo, Christian Araya, Lemos Claro Delis, Rigoberty Duran Cruz, Christian Hernandez Mej'a, Angel Ruiz, Lucson Appolon, Mandiaye Mamadou Moustapha Sene, Thomas Olu, Ronbing Zhang, Garesh Madevapali, Kuac Kon, Kuowame Kouassi, Boupone Chanthachaem, Festus Musa, Quacy Thorne, Fazili Chancelier, Charles Momodou Thomas, Rony Clavel, Josef Ehau, Vladimir Zukic, Anthony Shane Forester, Faustino Eduardo Acosta Jaquez, Moussa Haba, Jel Dunn, Kenny Mullings, Rosales Flores Didier, Kevin Wilfredo Henrique-Vasquez, Leonicio Arias Coreas, Ford Martinez Palma, Ronald Gonzalez, and Henry Savala.

Service Corp. (*Id.* at 2-3.) The complaint provides a Washington, D.C. address for the United

States/ICE and lists the CDF's address in Bowling Green, Virginia, for all other defendants.

In the complaint, which is not a model of clarity, Plaintiffs[2] allege that they been

detained without due process in violation of the United States Constitution and international law.

Plaintiffs "had paid their 'debts to society', yet they were twice put in jeopardy of the loss of

their liberty; by the Article III injury-in-fact of indefinite detention without bonds in the

Defendant's (I.C.E.) custody." (*Id.* at 4.) Plaintiffs also allege that employees or agents of the

United States arrested Plaintiffs "without foreign national Mirandizing; o[r] their right to contact

their Consulates for assistance or representation in any criminal proceedings against them." (*Id.*

at 5.) Plaintiffs assert that they were unlawfully detained, and "void judgments" were entered

against them. Plaintiffs also allege facts regarding their conditions of confinement. (*Id.* at 7-8.)

In addition to constitutional claims, Plaintiffs invoke the Alien Tort Act and the Torture

Victim Protection Act, 28 U.S.C. § 1350, asserting claims of intentional infliction of emotional

distress/torture and violations of the international Convention Against Torture. (*Id.* at 18.)

Plaintiffs request the following relief: (1) declaratory relief; (2) an injunction ordering

Defendants "to not come within 100 ft. of Plaintiffs (or their children)"; (3) an order "[g]ranting

Plaintiffs a subpoena duces tecum ordering Defendants ICE et al., to appear via video conference

(or otherwise) before this court to Show Cause why a Criminal Arrest Warrant should not be

issued against them in this case"; (4) an order granting Plaintiffs permanent resident status; and

(5) money damages. (*Id.* at 18-19.)

Plaintiffs also filed a document seeking preliminary injunctive relief, which they label,

"Reta[li]atory conspiracy to violate CAT by Attempts to Deprive of Civil Right to Petition Alien

---

[2] The complaint refers to "Plaintiffs," although it is unclear to which of the 53 individual Plaintiffs the alleged facts apply.

Tort Action Pursuant to 28 U.SC. § 1350 Motion for Preliminary or Permanent Inju[n]ction
Ordering the Defendants to Comply with the U.S.D.C.C.D.CA's Court's Fraihat v. ICE Order."
(ECF 3, at 2-3.) The motion pertains to ICE's alleged failure to protect detainees from the risk of
contracting COVID-19. It alleges that that ICE is "still in noncompliance with the Court
order(s)" in "*Faour Abdallah Fraihat, et al. v. U.S. Immigration and Customs Enforcement, et al.*
EDCV 19-1546 JGB (SHKx) Date Apri 20, 2020 (MTD Order, Dkt. No. 126)." (*Id.* at 2.) The
Court understand this to be a reference to an order in *Fraihat v. U.S. Immigration and Customs
Enforcement*, No. 5:19-CV-1546 (C.D. Cal. Oct. 6, 2021), an action regarding conditions in ICE
facilities that was brought in the Central District of California.

In addition to the complaint and motion for preliminary injunctive relief, Plaintiffs also
filed: (1) a motion to proceed in forma pauperis, purporting to be submitted on behalf of all
plaintiffs (ECF 1); (2) a "motion for sub-class certification" (ECF 4); and (3) a motion to
amend/correct the complaint to join the Nigerian Consulate "as an indispensable High Party to
this action, or subpoenaed to appear in the same." (ECF 6.)

## DISCUSSION

The complaint asserts claims under the Torture Victim Protection Act and the Alien Tort
Act, both codified at 28 U.S.C. § 1350. The Court also construes Plaintiffs' allegations that
Defendants violated their constitutional rights as asserting claims under *Bivens v. Six Unknown
Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556
U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under
[§ 1983]."); *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district
court properly construed Section 1983 claims brought against federal employee as arising under
*Bivens*). The general venue provision applies to claims brought under *Bivens* and claims brought
under the Alien Tort and Torture Victim Protection Acts.

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled, and a defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . ." 28 U.S.C. § 1391(c)(1), (2). Where a state has more than one judicial district, a defendant corporation generally "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).[3]

It appears that Plaintiff filed the complaint regarding events that occurred in Bowling Green, Carolina County, Virginia. The complaint states that Plaintiff Susana is detained in the CDF. Another action filed by Susana in this court on behalf of many of the same individuals alleges that they either are or were detained in the CDF. *See Susana v. Immigration & Customs Enforcement*, ECF 1:21-CV-9127, 2, at 4 (S.D.N.Y. filed Nov. 4, 2021). The CDF is located in Caroline County, Virginia. Moreover, the Court has learned from the Department of Justice's EOIR hotline that Susana has pending immigration proceedings in Caroline County, Virginia.[4]

---

[3] In a state with multiple districts, if there is no such district, "the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).

[4] To the extent that the complaint is alleging that the rights of any plaintiff other than Susana were violated in this District, the Court notes that Susana cannot bring claims on their behalf in this Court. As a nonlawyer, Plaintiff can only represent his own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's

The motion for preliminary relief also does not arise from events occurring in this District. The motion instead references conditions in a number of facilities that are not located in this District. (*See* ECF 3, at 9-10) (listing facilities where violations have allegedly occurred). Because the complaint does not suggest that a substantial part of the events or omissions underlying Plaintiffs' claims arose in this District, venue does not appear to be proper in this District under section 1391(b)(2).

Venue also does not appear to be proper under section 1391(b)(1). Plaintiff provides a Washington, D.C., address for the United States and ICE, and Bowling Green, Virginia addresses for all other Defendants. Even though ICE and the United States likely reside in this District and the corporate Defendants might be considered to reside in this District, venue is nonetheless improper under section 1391(b)(1) because Plaintiffs do not allege that all Defendants reside in the State of New York.

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are

_____

cause.") (internal quotation marks and citation omitted); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that § 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'").

appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA*., 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Caroline County, Virginia. Susana is detained in the CDF, and many of the other individual Plaintiffs either are or were detained in the CDF. Moreover, the Court has learned from the United States Department of Justice's EOIR hotline that Susana has pending immigration proceedings in Caroline County. Finally, the complaint provides Bowling Green, Virginia addresses for the individual and corporate Defendants and the United States is also a resident of Caroline County. Caroline County falls within the Eastern District of Virginia. *See* 28

U.S.C. § 127(a). Venue is therefore proper in the Eastern District of Virginia. *See* 28 U.S.C.

§ 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest

of justice to transfer this action to the United States District Court for the Eastern District of

Virginia. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court

for the Eastern District of Virginia. The Court waives the provision of Local Civil Rule 83.1 that

requires a seven-day delay before the Clerk of Court may effectuate the transfer of the case to the

transferee courts. Whether Plaintiffs should be permitted to proceed further without prepayment

of fees is a determination to be made by the transferee court. Summonses shall not issue from

this Court. The Clerk of Court is directed to terminate all pending motions. This order closes this

case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is further directed to mail a copy of this order to Plaintiff Jose Susana

at his address of record and note service on the docket.

SO ORDERED.

Dated:   November 9, 2021
         New York, New York

                                            /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                       Chief United States District Judge